CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 16, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Antwon Whitten, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00756 |
| | ) | |
| C.W. Franks, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antwon Whitten, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming that Defendant C.W. Franks violated his rights in connection with assessing disciplinary charges in 2015. Franks filed a motion to dismiss this action, asserting that Whitten's claims are barred by the applicable statute of limitations and by *res judicata*, and that they should be dismissed for failing to state a claim upon which relief could be granted. (Dkt. 15.) Whitten filed a response to the motion to dismiss. (Dkt. 23.) The court agrees that this action is time-barred and will dismiss it.

### I.    Factual and Procedural History

Whitten mailed the complaint to the court on October 16, 2025. (Dkt. 1 at 16.) Whitten's complaint asserts that Defendant took various actions in 2015, which resulted in conditions that impact him still, such as the imposition of a large restitution order. (*Id.* at 1–14.) Whitten claims that Franks violated his rights to due process and equal protection, with all alleged acts occurring in 2015. (*Id.* at 3–6.)

-1-

## II.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  Generally, a Rule 12(b)(6) motion to dismiss "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred."  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  However, a court may determine the merits of a statute of limitations defense raised in a motion under Rule 12(b)(6) if "all facts necessary to the affirmative defense clearly appear on the face of the complaint."  *Id.* (cleaned up); *see also United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim."); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

## III.    Analysis

Defendant asks for dismissal on the basis that Whitten filed his claims too late.[1]  (Dkt. 16 at 5–6.)  Section 1983 does not itself contain an express statute of limitations.  Instead, a federal court considering such a claim must apply the forum state's most similar statute of limitations period.  *Wilson v. Garcia*, 471 U.S. 261, 266–75 (1985).  In Virginia, the personal injury statute of limitations is two years under Va. Code Ann. § 8.01-243(A).  Therefore, Whitten's claim must have been asserted within two years of its accrual; otherwise, it is time-barred, meaning the claim must be dismissed irrespective of the merits of the claim.  *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991).  Although "the limitation period

---

[1] Franks assert other grounds as well, which the court does not reach, although they also appear to be well-grounded in law and fact.

is borrowed from state law, the question of when a cause of action *accrues* under 42 U.S.C. § 1983 remains one of federal law." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law"). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955; *see also D.A. Realestate Inv., LLC v. City of Norfolk*, No. 2:21-cv-00653, 2023 WL 2637382, at *4 (E.D. Va. Mar. 23, 2023) ("[A] § 1983 claim accrues 'when the plaintiff knows or has reason to know of his injury.'" (quoting *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 389 (4th Cir. 2014))).

Here, Whitten claims not to have known about the actions taken by Franks in 2015 at that time. (Dkt. 23 at 5.) He does not state when he became aware of the facts, and his profession about a lack of knowledge seems questionable given the history of Whitten's litigation as explained by Franks in his memorandum in support of the motion to dismiss. Franks explains that Whitten filed a related suit in 2016—*Whitten v. Fleming*, Civil Action No. 7:16-cv-00229. (Dkt. 16 at 4–5.) Nonetheless, it is clear that Whitten was aware of all of the relevant facts by 2020 and 2021 when he wrote letters to prison officials complaining of Franks's actions and asserting the same facts asserted in this action. (Dkt. 1-1 at 18–25.) Whitten attached these letters to the complaint. (*Id.*)

Thus, at the very latest conceivable extension period, he had two years from that time to file. This action was submitted several years too late even giving Whitten the most expansive extension of time relating to his knowledge of the actions. Whitten tries to salvage

his stale claims by referencing the ongoing effects of the actions, (*see* Dkt. 1 at 6), but the continuing violation theory only extends limitations periods when the violative acts themselves are ongoing as opposed to lingering effects of a discrete claimed violation. *Alderman v. Patrick Cnty.*, No. 4:19-cv-00002, 2019 WL 4345376, at *3 (W.D. Va. Sept. 12, 2019) ("In considering whether the continuing violation doctrine applies, it is important to note that '[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.'" (cleaned up) (quoting *Nat'l Advert. Co. v. Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991)).

Whitten also contends that the limitations bar does not apply because he makes the "jurisdictional" argument that he can bring his arguments at any time because the judgment he challenges should be considered void *ab initio.* (Dkt. 23 at 8.)  As noted by Defendants, the disciplinary conviction is not a judgment, and the prison did not lack jurisdiction to consider the charges, no matter how strongly Whitten disagrees with their disposition.  (Dkt. 24 at 2.) Whitten invokes no other bases to extend the limitations period, and none of the Virginia statute's bases for tolling[2] as set forth in Va. Code Ann. § 8.01-229 are implicated by any of the facts here.

Given the lack of any viable federal claim, the court declines to exercise supplemental jurisdiction over any asserted state law claims pursuant to 28 U.S.C. § 1367(c)(3).

---

[2] Just as with the borrowing of state law for purposes of identifying the applicable limitations period, so too must the court borrow Virginia's provisions on tolling.  *See Chardon v. Fumero Soto*, 462 U.S. 650, 657 (1983) (rejecting federal displacement of state law on tolling, and explaining that "[b]ecause the chronological length of the limitation period is interrelated with provisions regarding tolling, [the court] reasoned that the practice of borrowing state statutes of limitations logically include[s] rules of tolling" and that  "no federal policy—deterrence, compensation, uniformity, or federalism—was offended by the application of state tolling rules" (cleaned up)); *see also Wallace*, 549 U.S. at 394 (noting that courts "have generally referred to state law for tolling rules"); *Wade v. Danek Med., Inc.*, 182 F.3d 281, 286–90 (4th Cir. 1999) (applying Virginia's rule against equitable tolling, rather than the federal rule).

### IV.    Conclusion and Order

For the reasons stated above, the court **GRANTS** the motion to dismiss, (Dkt. 15), and the Clerk is **DIRECTED** to close this case.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Whitten.

**IT IS SO ORDERED**.

**ENTERED** this 16th day of March, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE